·(18 Misc. Rep. 570.)

### HAND v. PENNOCK et al.

(City Court of New York, General Term. November 30, 1896.)

CONTRACTS—CONTINGENT LIABILITY.

Where a contract provides that money payable thereunder "is only available as a credit, and is to be deducted from the contract price" of future work of the obligor, and that if he does not obtain such work he is to be "absolutely acquitted of any charge," nothing is due from the obligor until he secures a contract for such work.

Appeal from trial term.

Action by Elwood S. Hand against Joseph E. Pennock and another. From a judgment on a directed verdict for plaintiff, defendants appeal. Reversed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

Sullivan & Cromwell, for appellants.

C. DeH. Brower, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment entered upon the verdict of a jury directed by the court in favor of the plaintiff, and against the defendants. The defendants except to the direction of the verdict. The plaintiff, in his complaint, sets up three causes of action on three different advertisement contracts in writing, by which the defendants promised to pay $235 in each instance in trade, on publication and delivery of two copies of the advertisement to them. The defendants, in their answer, admit the making of the contracts, and the performance of the advertisements agreeably to the written contracts; but the several contracts contained indorsements which are signed by the plaintiff and the defendants, and which read as follows:

"The within-named amount is only available as a credit, and is to be deducted from the contract price of our work upon a proposed building, other than we have estimated on or contracted for prior to the date hereof. In the event of said contracts not being awarded us, we are to be absolutely acquitted of any charge for the advertisements herein provided."

This means that, if no contract is awarded to the defendants, they are not to pay for the advertisements, and that the amount of said advertisement contract is only payable by being deducted from the con-

tract price for defendants' work upon a proposed building; in other words, that the contract price must be in existence before the amount ·of the advertisement contracts can be payable or be deducted therefrom.   There is a total absence of evidence of any contract whatsoever having ever been entered upon by the defendants for doing their work (carpenter work) upon a proposed building.   There never was any such contract made by the defendants.   For that reason no contract price was in existence, from which the amount of the advertising contracts could be deducted; in short, the event at which the amounts of the three advertisement contracts were to become payable by being de··ducted. from a contract price has never arrived, and for that reason the defendants are not obligated in any manner to the plaintiff on said advertising contracts.

The direction of the verdict was wrong, and the judgment must be ·reversed, with costs to the appellants to abide the event, and a new trial granted.   All concur.